UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| J M SMITH CORPORATION, d/b/a SMITH DRUG COMPANY, <br><br> Plaintiff, <br><br> V. <br><br> CHEROKEE PHARMACY AND MEDICAL SUPPLY, INC., d/b/a CHEROKEE PHARMACY, CHEROKEE HEALTH CARE SUPPLY, INC., CHEROKEE PHARMACY AND MEDICAL SUPPLY OF DALTON INC., TERRY FORSHEE, INDIVIDUALLY, And FORSHEE-CARDER PHARMACIES, INC. d/b/a CHEROKEE ADVANCED CARE; <br><br> Defendants. | Civil Action No. 1:17-mc-6-HSM-SKL |

## **ORDER**

Before the Court, is a Rule 62(f) motion for stay of execution pending appeal [Doc. 2] and supporting memorandum [Doc. 3] filed by Cherokee Pharmacy and Medical Supply, Inc. d/b/a Cherokee Pharmacy, Cherokee Health Care Supply, Inc., and Terry Forshee, Individually (collectively "Defendants").[1] J M Smith Corporation d/b/a Smith Drug Company ("Plaintiff") filed a response [Doc. 5]. Defendants replied [Doc. 11]. The matter is now ripe and the Court

---

[1] In the underlying case, a judgment was rendered against all named defendants—Cherokee Pharmacy and Medical Supply, Inc., d/b/a Cherokee Pharmacy, Cherokee Health Care Supply, Inc., Forshee-Carder Pharmacies, Inc. d/b/a Cherokee Advanced Care Pharmacy, Cherokee Pharmacy and Medical Supply of Dalton, Inc., and Terry Forshee, individually [Doc. 1 at Page ID # 7-8]. Plaintiff also registered a foreign judgment against all defendants. However, here, only three of the five defendants filed the Rule 62(f) motion for stay of execution pending appeal [Doc. 2].

finds that a hearing on the instant motion is not required; rather this issue may be decided on the briefs.[2]  Defendants' motion was referred to the Court pursuant to 28 U.S.C. § 636(b) [Doc. 6].

I.  **BACKGROUND**

This matter originated in the United States District Court for the District of South Carolina ("the Trial Court").  Following a jury trial, Plaintiff received a money judgment against Defendants totaling $739,647.28 [Doc. 3 at Page ID # 55; Doc. 5 at Page ID # 61].  The amount includes the jury verdict award [Doc. 1 at Page ID # 7-8], as well as pre-judgment interest, attorney's fees, and costs [Doc. 1 at Page ID # 48; Doc. 5 at Page ID # 61].  Defendants appealed to the United States Fourth Circuit Court of Appeals [Doc. 5 at Page ID # 61].  The appeal is pending [*id.*].

Defendants filed with the Trial Court a motion to stay execution pending appeal, seeking to pledge 55 acres of real property as a security instead of filing a supersedeas bond.  *Id.*  The Trial Court did not allow Defendants "to use the 55 acres as alternative security," citing two grounds.  [Doc. 5-1 at Page ID # 75].  The Trial Court found, first, "Defendants have not shown that the bond would be an undue financial burden" and second, "the 55 acres' value is far too speculative to secure [Plaintiff]'s interest in the monetary judgment."  *Id.*  The Trial Court denied Defendants' motion but gave Defendants the opportunity to stay execution by "post[ing] a full supersedeas bond in the amount of $924,559.10" by February 21, 2017 [*id.* at Page ID # 76].  If

---

[2] Plaintiff also filed a motion to file a surreply under E.D. Tenn. L.R. 7.1(d) [Doc. 12].  Plaintiff seeks to respond to a portion of Defendants' reply brief in which Defendants cite to a temporary restraining order entered by the Chancery Court for Bradley County, Tennessee [Doc. 11 at Page ID # 101].  Plaintiff states that "this new line of argument appears to potentially assert a res judicata or collateral estoppel argument that was not presented in the Defendants' initial motion." [Doc. 12 at Page ID # 110-11].  Plaintiff seeks permission "to address this new, potential argument." [*id.* at Page ID # 111].  Plaintiff's motion [Doc. 12] is **DENIED**.  Defendants did not assert a res judicata or collateral estoppel argument in their reply brief [Doc. 11].  Further, Plaintiff's surreply on the issue of res judicata or collateral estoppel is not necessary for the Court to address Defendants' Rule 62(f) motion for stay of execution pending appeal.

2

Defendants did not post bond, according to the Trial Court's order, then the Trial Court would grant Plaintiff's motion for leave to register a judgment pursuant to 28 U.S.C. § 1963 [*id.*].

Plaintiff alleges that soon thereafter, it learned one of the Defendants intended to sell certain assets and transfer ownership of certain corporate entities. [Doc. 5 at Page ID # 62]. The Trial Court conducted a telephonic hearing with the parties on February 14, 2017 [Doc. 5 at Page ID # 62]. In that hearing, Defendants conveyed that they had not and did not intend to post bond [*id.*]. Accordingly, the Trial Court entered an order February 15, 2017 granting Plaintiff permission, for good cause shown, "to register the judgment in Tennessee even though this matter is currently on appeal with the Fourth Circuit." [Doc. 1 at Page ID # 6]. Plaintiff registered a foreign court judgment against Defendants in Tennessee on February 17, 2017 [Doc. 1]. Defendants filed the instant motion to stay execution pending appeal on March 20, 2017 [Doc. 2].

## II.  ANALYSIS

Defendants rely on Federal Rule of Civil Procedure 62(f) in support of their motion seeking a stay of execution pending appeal [Docs. 2, 3]. Rule 62(f) provides that: "If a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give." Defendants assert that "[t]he real property owned by Terry Forshee is located in the State of Tennessee to which a lien has attached." [Doc. 2 at Page ID # 52]. Citing Tenn. Code Ann. § 25-5-101, Defendants assert that in Tennessee a registered judgment acts as a lien on real property [Doc. 3 at Page ID # 56]. Defendants conclude, then, that Rule 62(f) applies, Tennessee law controls the issue of whether to grant a stay of execution pending appeal, and that Tenn. Code

3

Ann. § 26-6-106 provides that enforcement of a foreign judgment must be stayed while an appeal of the foreign judgment is pending [*id.*].

In its order entered February 2, 2017, the Trial Court noted that Defendants' citation to Rule 62(f) was "inapplicable as it applies when the judgment automatically constitutes a lien on the judgment debtor's property." [Doc. 5-1 at Page ID # 75, n.2]. The Court now finds the rule is similarly inapplicable in the current motion. Tennessee law provides that "[a] judgment lien against the judgment debtor's realty is *created by registering a certified copy of the judgment in the register's office of the county where the realty is located*." Tenn. R. Civ. P. 69.07(2) (emphasis added). Tenn. Code Ann. § 25-5-101(b) likewise provides that ". . . judgments and decrees obtained from and after July 1, 1967, in any court of record . . . shall be liens upon the debtor's land *from the time a certified copy of the judgment or decree shall be registered in the lien book in the register's office of the county where the land is located*." (Emphasis added.) The court in *Cadence Bank, N.A. v. Latting Rd. Partners, LLC*, No. 09-2540, 2010 WL 4261230, at *2 (W.D. Tenn. June 22, 2010), agreed with other holdings from the Sixth Circuit that had found "Rule 62(f) does not create a basis for a stay where an intermediary step – such as recordation – is required by state law in order to create a lien against a judgment debtor's property." (citing *Kennedy v. City of Zanesville,* No. 2:03–cv–1047, 2008 WL 3993894, at *1 (S.D. Ohio Aug. 20, 2008); *Lansing Mercy Ambulance Serv. v. Tri-Cty. Emergency Med. Control Auth., Inc.*, No. 5:93:CV:25, 1996 WL 34363072, at *1-2 (W.D. Mich. May 20, 1996)). The *Lansing* Court found that determining whether the state at issue is one in which the judgment is a lien on the property of the judgment debtor is a "prerequisite" to determining the applicability of Rule 62(f). *Lansing*, 1996 WL 34363072, at *1. Tennessee law requires an

4

intermediary step to create a lien against a judgment debtor's property. *See* Tenn. R. Civ. P. 69.07(2); Tenn. Code Ann. § 25-5-101(b). Rule 62(f), therefore, does not govern.

The Trial Court allowed Plaintiff to register the judgment in Tennessee pursuant to 28 U.S.C. § 1963.[3] [Doc. 1 at Page ID # 5-6]; s*ee Chicago Downs Ass'n, Inc. v. Chase*, 944 F.2d 366, 372 (7th Cir. 1991) (holding that "[a] court with jurisdiction to authorize execution if the appellant does not post a bond – power a district court possesses during an appeal – also may make the findings that under § 1963 authorize execution in another district.") Under this statute, a judgment may be "registered in any district in which the debtor's property is located," and once registered, the judgment will be "treated as if it were a judgment of the court of registration – as stated earlier, it is no longer a 'foreign' judgment. Following registration, a judgment creditor may secure a writ of execution from the registering court and deliver it to the local Marshal for execution." *United States v. Palmer*, 609 F. Supp. 544, 547-48 (E.D. Tenn. 1985). Accordingly, then, "judgments registered pursuant to 28 U.S.C. § 1963 must be enforced in accordance with the laws of the registering state." *Condaire, Inc. v. Allied Piping, Inc.*, 286 F.3d 353, 357 (6th Cir. 2002); *see also Palmer*, 609 F. Supp. at 548 (finding, in part, "under § 1963, the law of the state in which the court of registration sits controls the proceedings").

In their reply brief, Defendants cite *Condaire* to support their position that Tennessee law applies, and therefore, the judgment must be stayed pursuant to Tenn. Code Ann. § 26-6-106

---

[3] 28 U.S.C.A. § 1963 provides, in part:

> A judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown. . . . A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner. . . .

5

[Doc. 11]. Defendants argue that Tenn. Code Ann. § 26-6-106 "directs this Court to enter a stay of execution of the subject judgment when an appeal is pending of a foreign federal district court judgment." [Doc. 11]. Plaintiff objects to Defendants' interpretation of Tenn. Code Ann. § 26-6-106(a), which provides:

> If the judgment debtor shows the court of this state that an appeal from the foreign judgment is pending or will be taken, or that a stay of execution has been granted, the court shall stay enforcement of the foreign judgment until the appeal is concluded, the time for appeal expires, or the stay of execution expires or is vacated.

Plaintiff asserts that the above statute indicates the stay of execution of the foreign judgment may be lifted when "the stay of execution expires or is vacated," meaning "the simple fact that the appeal is pending does not require the automatic stay of the case pending the entirety of the appeal before the Fourth Circuit" [Doc. 5 at Page ID # 68-69].

Plaintiff's position is supported by Tenn. R. Civ. P. 62.04: "Except as otherwise provided in Rule 62.01,[4] when an appeal is taken the appellant by giving a bond may obtain a stay. The bond may be given at or after the time of filing the notice of appeal. The stay is effective when the bond is approved by the court." Tenn. R. Civ. P. 62.04 (footnote added). Previously, Tennessee state courts have held that "the filing of a notice of appeal, without more, does not stay execution of the judgment." *Christmas v. Moore*, No. 03A01-9705-CV-00188, 1998 WL 372431, at *3 (Tenn. Ct. App. July 6, 1998) (citing *Underwood v. Liberty Mutual Ins. Co.,* 782 S.W.2d 175, 177 (Tenn. 1989)). "In order to obtain a stay of execution, Appellants must move the trial court for a stay *and give an appropriate bond*." *Id.* (emphasis added).

---

[4] "Rule 62.01 provides certain exceptions for this automatic stay. These include: injunction and receivership actions; actions that remove a public officer; and actions that change or otherwise affect the custody of a minor child." *Harden v. Harden*, No. M2009-01302-COA-R3-CV, 2010 WL 2612688, at *12 (Tenn. Ct. App. June 30, 2010) (citing Tenn. R. Civ. P. 62.01).

6

### III. CONCLUSION

For the reasons set forth in this opinion, Defendants' Rule 62(f) motion for stay of execution pending appeal [Doc. 2] is **DENIED**. Defendants may stay execution by posting a supersedeas bond, pursuant to Tennessee Rule of Civil Procedure 62.04, in the amount originally determined by the Trial Court, $924,559.10 [Doc. 5-1 at Page ID # 76].

SO ORDERED.

ENTER.

*s/ Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE